**CEMEX INC., Appellant**

v.

**INDUSTRIAL CONTRACTING AND ERECTING, INC., Defendant/Third–Party Plaintiff**

v.

**Minserco, Inc., Third–Party Defendant.**

**Cemex, Inc.**

v.

**Industrial Contracting and Erecting, Inc., Defendant/Third–Party Plaintiff**

v.

**Minserco, Inc., Third–Party Defendant.**

**Industrial Contracting and Erecting, Inc., Appellant.**

Nos. 06–3515, 06–3587.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Oct. 30, 2007.

Filed Nov. 16, 2007.

Richard D. Gable, Jr., Gibbons, Philadelphia, PA, for Appellant.

Francis X. McTiernan, Jr., Jeffrey A. Kubay, Wayman, Irvin & McAuley, Pittsburgh, PA, for Defendant/Third–Party Plaintiff.

James F. Israel, Matis, Baum, Rizza & O'Connor, Pittsburgh, PA, for Third–Party Defendant.

Before: RENDELL and NYGAARD, Circuit Judges, and VANASKIE *, District Judge.

## OPINION OF THE COURT

RENDELL, Circuit Judge.

Cemex, Inc. (Cemex) appeals from an order entered by the District Court granting defendant Industrial Contracting and Erecting, Inc.'s (ICE) motion for summary judgment. Cemex raises two arguments on appeal. First, Cemex asserts that the District Court erred in holding that Cemex is collaterally estopped from pursuing its property damage claims against ICE as a result the jury's findings in *Carcaise v. Cemex, Inc. v. ICE*, No. CA 01–00859 (W.D.Pa. May 16, 2005). Second, Cemex argues that the District Court erred in concluding that the doctrine of *res judicata* served to bar Cemex's claims against ICE. ICE cross-appeals, requesting that should we reverse the grant of summary judgment in its favor, we reverse an order entered by the District Court granting third-party defendant Minserco Inc.'s motion for summary judgment.

We agree with the District Court that the issues raised here were essentially decided in *Carcaise*. Accordingly, for the reasons set forth in the District Court's well-reasoned opinion, we will affirm the District Court's orders granting ICE's motion for summary judgment and Minserco Inc.'s motion for summary judgment.